HARRIS, Chief Judge,
concurring and concurring specially:
I agree with the logic of Judge Cobb’s analysis. He has, I think, properly interpreted the statute as written. But, as so interpreted, the statute, as an effective traffic regulation, becomes illusory. The question before the traffic judge is no longer whether the signal was given but rather whether the requirement for a signal is applicable.
What does “may be affected by the movement” mean? If any vehicle is in or near the intersection (even behind the subject vehicle) is the law applicable? How close to the intersection must other traffic be in order to make the statute applicable?
One must stop at a stop sign even if no other vehicle is in sight; twenty-five miles an hour through a residential section is the speed limit even if everyone else is asleep. It is only the applicability of the turn signal requirement that is subject to debate depending upon the location of other traffic. Kamins is- better policy.[1] But policy is the function of the legislature. It should reexamine this issue.

. It also appears to be more consistent with the legislative history of the 1983 amendment to section 316.155:
The bill amends § 316.155 to prohibit turning a vehicle or moving right or left upon a roadway unless it is safe to do so and proper turn signals are given. (Emphasis added.)
Ch. 83-68, S.B. 274, Senate Staff Analysis and Economic Impact Statement (1983).